## THE STATE v. HARRY HELLER.

Decided October 20, 1924.

Crimes—Burning Buildings—Defendant Not Served with List of Jurors and Copy of Indictment Two Days Before Trial—Postponement Denied Because Section of Statute Requiring Such Service Applies to Crime of Arson—Arson Consists in Burning of Dwelling-house of Another, Not the Offense in this Indictment—Indictment Should Not be Dismissed Because Prosecutor Referred to the Charge as Arson—If Harm Was Done Thereby Most that Could be Done Would be Direction of Mistrial—Alleged Erroneous Admission of Testimony Considered but Not Sustained.

On error to the Mercer Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, W. Holt Apgar.

For the state, William H. Geraghty, prosecutor of the pleas.

PER CURIAM.

The defendant was indicted for a violation of section 126 of our Crimes act (Comp. Stat., p. 1786), which makes punishable as a high misdemeanor the aiding, counseling, procuring or consenting to the setting fire to or burning of any goods, wares or merchandise with intent to prejudice any person or corporation that has underwritten any policy of insurance thereon. The specific charge laid against him was that he aided and procured and consented to the setting fire to and burning of a lot of shoes, boots and blankets in his possession in a store in the city of Trenton, which he occupied as lessee, his purpose being to defraud certain insurance companies which had issued policies to him protecting him against loss resulting from the burning of the property in-

sured. The trial resulted in his conviction, and he now seeks to have that conviction reversed, for reasons which will presently be dealt with.

The first contention is that there should be a reversal, because of the refusal of the court to postpone the trial when the cause was moved by the state, the application for postponement being based upon the fact that a copy of the indictment and a list of the jurors had not been served upon him at least two days before the trial, as required by section 54 of the Criminal Procedure act. The motion to postpone was based upon the assumption that the indictment charged the defendant with the crime of arson. But this is manifestly a plain misconception of the fact. Arson, at common law and under our statute, consists in willfully and maliciously burning, or causing to be burned, the dwelling-house of another, or any kitchen, shop or other outhouse that is parcel thereof or belonging or adjoining thereto. That the offense laid in the indictment does not come within this definition the very wording of the indictment demonstrates.

The next contention is that the court committed legal error in refusing to "dismiss the indictment" on the motion of defendant's counsel, for the reason that the prosecutor of the pleas, in his opening address to the jury, stated that the offense laid against the defendant in the indictment was arson. Whether such a statement was made or not, does not appear from the case sent up with the writ of error, as the opening address of the prosecutor of the pleas, constitutes no part of it. Assuming, however, that such an erroneous statement was made, it certainly did not entitle the defendant to a dismissal of the indictment, which would seem to mean a quashing thereof of the entry of a *nolle pros.* The most that can be said in favor of the defendant's right, conceding for the purpose of disposing of this contention that the statement was harmful, is that he was entitled to have the court direct a mistrial because of the erroneous statement, and, so, an opportunity afforded him to be tried before another jury.

The next contention is that the court erroneously permitted the teller of a bank in which the defendant carried

his account to testify as to the state of that account at the time of the fire, and in refusing to strike out his testimony upon application made for that purpose. We think the testimony was clearly admissible, for the reason that a small bank account would have some evidential value, even if slight, in determining the existence of a motive for the commission of the crime charged against the defendant.

Next, it is argued that the court erred in refusing to strike out the testimony of a witness named Stout, who was called by the state to prove the value of the goods destroyed or injured by the fire. We think the refusal was proper. Stout was plainly shown to be an expert on the values of merchandise of the kind covered by the insurance policies, and his estimate of the values, as stated to the jury under oath, was properly submitted to the jury, whose province it was to determine the weight to be given it.

The next assignment of error relates to the refusal of the trial court to strike out an answer of the state's witness on cross-examination because it was not responsive. That the answer was not responsive is true, but it certainly was not injurious to the defendant. The witness was a captain of police. The question was whether any of the policemen who had been put in the store had made any report of finding certain things in the store. The answer was "No, sir; they were not sent there for that purpose—to find anything. They were there to prevent anybody from getting in." As we have already stated, we are unable to see how the non-responsive portion of this answer was harmful to the defendant, and his counsel has not undertaken to enlighten us upon this point.

Next, it is contended that the trial court erred in refusing to allow a witness named Ko'Eune to testify with relation to a certain conversation which took place between him and a witness named Baker, who had been examined on the part of the state. The argument is that the defendant was entitled to have the questions put to this witness answered for the purpose of contradicting Baker's testimony. But, if that was the purpose of the questions, the witness should have first had his attention called to specific statements made by

65

Baker, and then have been asked whether those statements were true. In the shape in which the testimony was offered, we think it was incompetent.

Next, it is argued that the trial court erred in refusing to direct a verdict for the defendant upon the ground that the proof showed that the defendant was himself the party who set the fire, and not that it was done by some third person at his instigation. This contention seems to us to be absurd, in view of the fact that the defendant himself on the witness-stand testified that he had nothing to do with the starting of the fire.

Next, it is said that the court erred in defining a reasonable doubt. A reading of the whole instruction to the jury on this point satisfies us that, taken all together, it was accurate.

Next, it is said that the court erred in refusing to charge the following request bearing upon the subject of reasonable doubt: "If you have a reasonable doubt about his having a motive to commit the crime, that must be resolved in his favor. If you have a reasonable doubt as to his having planted the bundles of matches, it must be resolved in his favor. If you have a reasonable doubt as to whether he or someone else caused the fire, you must resolve it in his favor. And this doctrine of reasonable doubt applies to every material fact in the case, and if, upon any one particular fact, that is material to the action and necessary to cause a conviction, you have a reasonable doubt, that reasonable doubt must be resolved in his favor, and the defendant should be acquitted." We think this request was properly refused. A reasonable doubt, which entitles a defendant to an acquittal. is a doubt which remains in the minds of the jurors upon a consideration of all the evidence in the case, and not upon certain selected material facts. The purport of the request, as we read it, is that, if the jury should have a reasonable doubt with relation to any one of the factors expressed in the request, then it would be its duty to acquit, notwithstanding that, on the whole case, it was satisfied beyond a reasonable doubt of the guilt of the defendant.

There are other assignments of error which are briefly argued by counsel for the defendant, but, as we view them, they are so plainly without merit as not to justify discussion.

Lastly, it is said that the verdict of guilty is contrary to the weight of the evidence. Our reading of the testimony satisfies us that the jury was fully justified by the evidence in the conclusion which it reached.

The conviction under review will be affirmed.